```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

ANTHONY SMITH                                CIVIL ACTION

VERSUS                                       NO: 12-380

WEEKS MARINE, INC.                           SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment on Maintenance and Cure and Unseaworthiness (Rec. Doc. 19)** filed by defendant Weeks Marine, Inc. Plaintiff Anthony Smith opposes the motion. The motion, set for hearing on January 16, 2013, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit to recover under the Jones Act and general maritime law for injuries that he allegedly sustained aboard the BOBBY L. Defendant Weeks Marine, Inc. is sued as the vessel's owner and operator. The accident is alleged to have occurred on December 24, 2011.

This matter is scheduled to be tried to a jury on March 4, 2013. Weeks now moves for summary judgment on Plaintiff's maintenance and cure claim and unseaworthiness cause of action.

### *Summary Judgment Standards*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file,

1

together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### *Maintenance and Cure*

Weeks moves for summary judgment as to Plaintiff's maintenance and cure claim on two grounds. First, Weeks argues

that res judicata bars the claim because a default judgment as to the maintenance and cure claim was entered against Plaintiff in the Southern District of Mississippi. Second, Weeks argues that Plaintiff forfeited his maintenance and cure benefits by abandoning the vessel.

Weeks' res judicata argument pertains to the Mississippi declaratory judgment action that Weeks preemptively filed shortly after Plaintiff's accident. The Mississippi action was discussed in greater detail in the Court's April 2, 2012, Order and Reasons (Rec. Doc. 9), wherein the Court denied Weeks' motion to transfer the seaman's complaint filed in this Court to Mississippi. The Mississippi complaint was limited to the issue of maintenance and cure. Apparently, Plaintiff chose the very risky approach of ignoring the Mississippi case and allowing a final default judgment to be entered against him. (CA 12-CV-56, So. Dist. Miss.).

Weeks is correct in that a default judgment can operate as an adjudication on the merits for purposes of claim preclusion. And claim preclusion clearly applies in admiralty cases, including claims for maintenance and cure. But none of Weeks' cited cases pertain specifically to a seaman's entitlement to maintenance and cure. The doctrine of res judicata does not apply to a seaman's claim for maintenance and cure *in the same*

*way* that it might apply to other causes of action because of the serial nature of the maintenance and cure obligation. See <u>Brooks v. Raymond Dugat Co.</u>, 336 F.3d 360, 362-63 (5th Cir. 2003); <u>Pelotto v. L & N Towing Co.</u>, 604 F.2d 396, 401 (5th Cir. 1979). The Court is persuaded that the default judgment rendered in Mississippi does not wholly extinguish Plaintiff's rights to maintenance and cure based on res judicata or claim preclusion.

Because of the unique way that claim preclusion operates vis à vis maintenance and cure benefits, Weeks is really attempting to rely on the Mississippi judgment for issue preclusion. The Mississippi declaratory complaint puts at issue whether Plaintiff forfeited maintenance and cure benefits by abandoning the vessel. The question of whether Plaintiff abandoned the vessel is one of disputed fact and it is squarely presented in the lawsuit pending in this Court. But for issue preclusion to apply, the issue must have been actually and fully litigated in the other lawsuit. <u>In re Southmark</u>, 163 F.3d 925, 932 (5th Cir. 1999) (<u>citing</u> <u>RecoverEdge L.P. v. Pentecost</u>, 44 F.3d 1284, 1290 (5th Cir. 1995)). The question of whether Plaintiff abandoned the vessel was never "actually litigated" in Mississippi. And issues of material fact exist as to the fact question of whether Plaintiff abandoned the vessel. Weeks' motion for partial summary judgment as to maintenance and cure benefits is therefore DENIED.

### *Unseaworthiness*

Weeks moves for summary judgment as to Plaintiffs' unseaworthiness claim. Weeks contends that no evidence of unseaworthiness has been presented and that Plaintiff confirmed in his deposition that there was nothing wrong with the BOBBY L that played a role in the accident.

Plaintiff correctly points out that unseaworthiness can take on many forms, (Rec. Doc. 20, at 6, Plaintiff's Opposition), and therefore Mr. Smith's candid answer that there was nothing wrong with the BOBBY L that contributed to the accident is not especially enlightening. But Plaintiff's contention is that the captain was negligent in the manner that he operated the vessel at the time of the accident, and this created an unseaworthy condition.

The negligence of an employee can create a "condition" that would render a vessel unseaworthy. See Daughdrill v. Ocean Drilling & Explor. Co., 709 F. Supp. 710, 712 (E.D. La. 1989). But a vessel is not unseaworthy simply because an isolated negligent act of a crew member injures someone. Id. To hold otherwise would be to destroy the distinction between unseaworthiness and negligence. Id. (citing Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 500 (1971)).

In the instant case Plaintiff has failed to demonstrate how

5

Captain Stelly's actions created a "condition" on the vessel that rendered it unseaworthy. In other words, Plaintiff has not demonstrated that the Captain Stelly's actions, if proven, amount to any more than an isolated negligent act. Weeks' motion for partial summary judgment as to unseaworthiness is therefore GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Maintenance and Cure and Unseaworthiness (Rec. Doc. 19)** filed by defendant Weeks Marine, Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above.

January 18, 2013

                                      JAY C. ZAINEY
                            UNITED STATES DISTRICT JUDGE